OPINION
Defendant-appellant Albert Jay Boyd appeals the January 13, 1999 Sentencing Judgment Entry of the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On November 18, 1998, the Stark County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02, one count of gross sexual imposition in violation of R.C. 2907.05, and one count of pandering obscenity involving a minor in violation of R.C. 2907.321. The indictment specified the rape and gross sexual imposition charges were committed as part of a continuous course of conduct. On January 4, 1999, appellant pled guilty to each offense. On January 11, 1999, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09 and a sentencing hearing. At the conclusion of the hearing, the trial court found appellant to be a sexual predator and proceeded immediately to sentencing. The trial court imposed a ten-year sentence for the rape count, a five-year sentence for the gross sexual imposition count, and a five-year sentence for the offense of pandering obscenity involving a minor. In so doing, the trial court imposed the maximum sentence for rape and for gross sexual imposition and ordered the sentences on all three counts be served consecutively. The trial court memorialized its decision in a January 13, 1999 Judgment Entry. It is from that Judgment Entry appellant prosecutes this appeal, assigning the following as error:
I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING GREATER THAN THE MINIMUM SENTENCES AND EACH COUNT OF CONVICTION, SAID SENTENCES BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD, AND THE TRIAL COURT HAVING FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT THE SAME.
II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERROR DIN IMPOSING THE MAXIMUM PRISON TERMS ON COUNTS ONE AND THREE OF CONVICTION, SAID SENTENCES BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD, AND THE TRIAL COURT HAVING FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT THE SAME.
III. THE TRIAL ABUSED [SIC] ITS DISCRETION AND ERRED IN IMPOSING CONSECUTIVE SENTENCES ON ALL THREE COUNTS OF CONVICTION, SAID SENTENCES BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD, AND THE TRIAL COURT HAVING FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT THE SAME.
IV. APPELLANT BOYD WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN PROCEEDINGS BELOW:
A. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO SEEK SUPPRESSION OF APPELLANT BOYD'S TAPED STATEMENT OF NOVEMBER 8, 1998.
B. TRIAL COUNSEL WAS INEFFECTIVE AT THE PLEA AND SENTENCING STAGES OF THESE PROCEEDINGS.
Standard of Review
As a preliminary matter, we note we no longer review sentencing under an abuse of discretion standard. After 1995 Senate Bill 2, an appellate court's review of an appeal from a sentence was modified. R.C. 2953.08 provides, in pertinent part: (G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
 * * * (d) That the sentence is otherwise contrary to law.
Accordingly, we review the sentence under the new guidelines. In reviewing a sentence on appeal, R.C. 2953.08(F) sets forth the record this Court must review. It provides in pertinent part: (F) On the appeal of a sentence under this section, the record to be reviewed shall include all of the following, as applicable:
(1) Any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. * * *
(2) The trial record in the case in which the sentence was imposed;
(3) Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed.
(4) Any written findings that the court was required to make in connection with the modification of the sentence pursuant to Judicial release under division (H) of section 2929.20 of the Revised Code.
Accordingly, in addition to the items contained in the original record herein, we have reviewed the victim impact statement. This was the only other "presentence, psychiatric or other investigative" report presented to the court in writing before the imposition of sentence.
 I
In his first assignment of error, appellant maintains the trial court erred in imposing anything but the minimum sentence on each count of the conviction because he had never served a prison term. R.C. 2929.14(B), provides in pertinent part: (B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
(Emphasis added).
In its Journal Entry, the trial court found: The court finds pursuant to Revised Code 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public and, therefore, the Court is going to impose a greater term.
Specifically * * * the Court finds that the injury to the victim was exacerbated by the age of the victim, as [juxtaposed] with the age of the defendant. * * *
* * * More specifically, the victim was the niece of and is the niece of the defendant.
Its' also the Court's understanding * * the defendant initiated the contact with the victim.
The trial court made a specific finding on the record the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. The court then supported this finding with record evidence. Because we find the trial court's decision was supported by the record, we find no error in the trial court's decision to impose a sentence greater than the minimum.
 II
In his second assignment of error, appellant contends the trial court abused its discretion in imposing the maximum prison terms on both the rape count and the gross sexual imposition count. We disagree. R.C. 2929.14(C) sets forth the conditions under which a trial court may impose a maximum sentence. It provides: (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
We read this statute in the disjunctive. Accordingly, a maximum sentence may be imposed if the trial court finds any of the above listed offender categories applies. In imposing the maximum sentence for the rape charge and the gross sexual imposition charge, the trial judge stated at the sentencing hearing: Again, the Court reiterates that there were several incidents of sexual misconduct, a minimum of eight, and * * * the victim, as well as others, but in particular, the victim was videotaped while she was sleeping; therefore, videotaped surreptitiously.
And for these reasons, * * * with respect to these counts, the Court, * * * is going to, in addition, impose the maximum term as to some of the counts, * * * finding that the defendant has, * * * committed the worst form of the offense.
So with respect to the one count of rape, which is a felony in the first degree, the Court sentences the defendant to ten years in prison, which is the maximum.
With respect to the one count of gross sexual imposition, which is a felony in the third degree, Court is, is sentencing the defendant to five years, which is the maximum.
In the January 13, 1999 Judgment Entry, which memorialized the sentencing hearing, the trial court stated it considered the record, oral statement, "any victim impact statement and presentence report prepared," as well as the principles and purposes of sentencing under the Ohio Revised Code Section2929.11. After balancing the seriousness and recidivism factors contained in R.C. 2929.12, the trial court made the following findings: The mental injury suffered by the victim was exacerbated by the age of the victim, the victim having been ten (10) years old and the defendant having been 27-28 years old at the time of the offense.
The offender's relationship with the victim facilitated the offense. The defendant is the uncle of the victim and the victim's parents entrusted the defendant with babysitting their daughter on numerous occasions, even allowing her to spend nights at her grandparents' house where the defendant lived.
The Court also finds that the defendant established a pattern of sexual misconduct involving approximately eight (8) incidents of abuse spanning a period of six (6) months and ending only when discovered by relatives.
The offender surreptitiously video taped the victim, partially nude as well as video taping himself masturbating and surreptitiously videotaping two neighborhood girls during their daily activities. For the foregoing reasons and those stated on the record, pursuant to Revised Code Section 2929.14(C), the court finds that the defendant committed the worst form of the offense and that the defendant poses the greatest likelihood of recidivism. The trial court relied on two independent bases in imposing the maximum sentences: the finding appellant committed one of the worst forms of the offense and the finding appellant poses the greatest likelihood of recidivism. We believe the finding appellant poses the greatest likelihood of recidivism is supported by the record. Accordingly, there is no need to determine if the trial court's finding appellant committed one of the worst forms of the offense is supported by the record. The trial court imposed two separate maximum sentences. As we review the facts surrounding the crimes, we are mindful the conduct for which appellant was convicted of rape was different than the conduct for which he was convicted of gross sexual imposition. However, in order to determine if the record supports whether appellant poses the greatest likelihood of recidivism, we view the incidents of sexual conduct together. Appellant admitted to repeated sexual behaviors with the victim, his niece, over a period of six months. Appellant's confession indicated the sexual behavior with his niece began one day when appellant was laying next to his niece and they "just started touching." (Transcript of confession, p. 7). Appellant admitted he initiated the behavior. Id. After initially touching the victim's chest, appellant, on various occasions touched the victim's vaginal area, and placed her hand on his penis. Id. at 11. Appellant stated he "might of [sic] once" masturbated in front of her. Id. After the initial incident, appellant admitted to having oral sex with the victim:
 [Appellant]: Touching, I mean, I, I did go down on her once. [Officer]: When you . . .
[Appellant]: . . . Not gonna lie about that . . .
 [Officer]: When you say you went down on her, what did you do?
 [Appellant]: I just licked her once I mean, I mean, I didn't try to have sex with her, or . . .
[Officer]: . . . but you had oral sex with her?
[Appellant]: Yes.
Further, without her knowledge or consent, appellant videotaped his niece sleeping. That appellant used this tape for repeated sexual gratification is strongly implied by the fact appellant posed his sleeping victim, exposing her chest for the video. Finally, the fact appellant videotaped two neighborhood girls, again surreptitiously, indicates appellant was taking concrete steps toward victimizing other young girls. We agree with the trial court appellant is an offender who poses the greatest likelihood of recidivism. We find by clear and convincing evidence the trial court's findings the maximum sentence for each offense was warranted is supported by the record. For these reasons, appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant maintains the trial court erred in imposing consecutive sentences. Consecutive sentences are governed by R.C. 2929.14(E), which provides in pertinent part: (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
In its January 13, 1999 Judgment Entry the trial court recited the appropriate statutory language for consecutive sentences under2929.14(E)(4) and further specified the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct. We must determine whether the findings are supported by the record. We find the record supports the trial court's finding a consecutive term was necessary to protect the public from future crime, was not disproportionate to the seriousness of the defendant's conduct, and the danger appellant poses to the public for the same reasons stated in our resolution of assignment of error number two. However, for a trial court to impose consecutive sentences, R.C. 2929.14(E)(4) also requires a trial court to find subsection (a), (b), or (c) of that section applies. The trial found subsection (b), supra applied to appellant. We find the record does not support such a finding. In making a statement to the court before sentencing, the prosecutor stated: "I would like to indicate that the, victim's parents have expressed that she was in counseling for a period of time and continues — um, although there has been a, an interruption in her counseling because of some insurance concerns among the family." T. at 19.
No other evidence was provided to the court relative to the victim's mental health. In sentencing, the trial court stated "the victim has suffered serious, * * * psychological harm. This is something that will, in all likelihood, affect this victim for the rest of her life. And it has been indicated to the court that the victim is currently in counseling." T. at 21. The court does not indicate how it received this information. In the January 13, 1999 Judgment Entry, the trial court stated: The mental injury suffered by the victim was exacerbated by the age of the victim * * * The victim suffered serious psychological harm as a result of the offense and remains in counseling to this date.
The record arguably supports the trial court's finding the victim is currently in counseling. However, no record evidence exists to support the trial court's finding the victim suffered serious psychological harm which in all likelihood, will affect her for the rest of her life. To render such a finding merely based upon the fact the victim is in counseling, represents a quantum leap. We find the record does not support a finding satisfying R.C.2929.14(E)(4)(b). Accordingly, we sustain this assignment of error.
This matter is remanded to the trial court for resentencing consistent with this opinion and law.
By: Hoffman, J. Wise, P.J. and Gwin, J. concur.